## Henry A. Todd, Appellee, v. McKenzie Cleland, Appellant.

### Gen. No. 22,942.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed December 12, 1917.

### Statement of the Case.

Action by Henry A. Todd, plaintiff, against McKenzie Cleland, defendant, to recover on a promissory note, to which defendant filed a set-off for $395, and interest for legal services rendered. From a judgment for plaintiff for the balance due on the note after deducting $224, on special finding as to the value of defendant's services, defendant appeals.

LESTER E. LEE and ROBERT G. PHELPS, for appellant.

BEACH & BEACH, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 135*—*when evidence sustains finding as to value of legal services.* Evidence *held* to support a special

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

finding of $224 as the value of defendant's legal services, where the testimony was a mere approximation of the value of the services and the estimates varied from $26 to $500.

2. BILLS AND NOTES, § 420*—*when evidence properly excluded as irrelevant in action on note.* Parts of defendant's letter to plaintiff replying to plaintiff's letter demanding payment of defendant's note which consisted of defendant's self-serving statements and charges reflecting upon plaintiff's character, which had no bearing upon the issues in the case, *held,* properly excluded, in an action on the note.

3. APPEAL AND ERROR, § 1491*—*when exclusion of evidence is harmless error.* In an action on a note, in which defendant claimed a set-off for legal services performed in proceedings before a justice of the peace, the exclusion of the record of the proceedings offered to corroborate defendant's testimony as to the number of continuances taken in the case before the justice of the peace, while improper, was not reversible error, defendant's testimony on the point not being positively denied by any of plaintiff's witnesses.